# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO CASTANEDA DIAZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-05930-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus and directing Respondents to immediately release Petitioner.

## I.

## BACKGROUND

Petitioner is a citizen of Honduras who entered the United States on or about July 15, 2008. (ECF No. 1 at 2[1]; ECF No. 1-7.) On September 6, 2023, Petitioner filed an application for asylum, withholding of removal and protection under the Convention Against Torture with the U.S. Citizenship and Immigration Services ("USCIS"). (ECF No. 1 at 1–2; ECF Nos. 1-2, 1-3.)

On June 3, 2026, Petitioner was stopped and detained by U.S. Immigration and Customs Enforcement ("ICE") while on his way to work. (ECF No. 1 at 2; ECF No. 11-1 at 2.) Petitioner

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

has no arrests other than his detention by ICE on June 3, 2026. He has never been charged with or convicted of any crime. Petitioner and is currently detained at the California City Immigration Processing Center. (ECF No. 1 at 2; ECF No. 1-4.)

On June 17, 2026, an immigration judge ("IJ") held a custody redetermination hearing and denied bond, finding Petitioner a flight risk. The IJ's written order has no analysis or explanation. (ECF No. 1 at 2; ECF No. 1-8.)

On July 28, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention on statutory and due process grounds. (ECF No. 1.) On August 18, 2026, Respondents filed a response, and Petitioner filed a reply on August 19, 2026. (ECF Nos. 11, 12.)

**II.**

**DISCUSSION**

**A. Statutory Basis of Petitioner's Detention**

Respondents argue that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)" and "respectfully maintain th[at] position," but acknowledge "that *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention." (ECF No. 11 at 1.)

**B. Due Process**

"We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (internal citations omitted). The Court will address each step in turn.

This Court has previously found that the government's knowing decision not to detain an individual creates a liberty interest in their continued release:

> Relying on *Morrissey v. Brewer*, 408 U.S. 471 (1972), courts in this district have held that when a noncitizen has previously been detained and released by immigration authorities and is subsequently re-detained, the noncitizen has a constitutionally protected interest in his liberty. *See, e.g.*, *Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1101–03 (E.D. Cal. 2026); *R.C.C. v. Noem*, No.

> 1:26-CV-00373-TLN-EFB, 2026 WL 369796, at *3 (E.D. Cal. Feb. 10, 2026). Similarly, in cases with nearly identical facts to those here, courts in this district have held that "a noncitizen who has lived at liberty for years while his immigration case proceeds—pursuant to the Government's affirmative decision *not to detain him*—[also] holds a protected liberty interest in remaining free from custody." *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (emphasis added); *Anderson v. Chestnut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026); *Jie Yu v. Field Office Director*, No. 1:26-CV-04648-MWJS, 2026 WL 1893576, at *2 (E.D. Cal. June 30, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026); *Villanueva-Montanez v. Lyons*, No. 2:26-cv-00954-DAD-CKD, 2026 WL 797930 (E.D. Cal. Mar. 23, 2026).

Medvezhov v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-05918-KES-SAB (HC), 2026 WL 2234501, at *2 (E.D. Cal. Aug. 3, 2026).

"[T]he government's decision *not* to detain petitioner . . . while his asylum claim proceeded, provided him with a protected liberty interest." Medvezhov, 2026 WL 2234501, at *3 (citing Kharitonova v. Albarran, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026); Gagik T. v. Chestnut, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026)). Accordingly, the undersigned recommends finding that Petitioner has a protected liberty interest in his continued release.

After considering the Mathews v. Eldridge, 424 U.S. 319 (1976), factors, this Court has found that petitioners in similar circumstances are "entitled to a pre-deprivation bond hearing at which the government bears the burden of proving that he is a flight risk or danger to the community by clear and convincing evidence." Medvezhov, 2026 WL 2234501, at *3. Accordingly, the undersigned recommends finding that Petitioner was entitled to a pre-deprivation bond hearing at which the government bears the burden of proving that he is a flight risk or danger to the community by clear and convincing evidence, and thus, his re-detention without a pre-deprivation bond hearing violated due process.[2]

Petitioner argues that a bond hearing that occurs after the deprivation of liberty simply cannot cure the violation. (ECF No. 1 at 23.) Here, although Petitioner was provided with a post-

---

[2] In light of this conclusion, the Court declines to address whether Petitioner's June 17, 2026 bond hearing met statutory or constitutional standards.

deprivation bond hearing pursuant to § 1226(a), "courts in the Ninth Circuit have found that any post-deprivation process cannot cure the constitutional violation when the non-citizen was entitled to pre-deprivation notice and hearing." Gagik Andriasyan v. Warden et al., No. 5:26-cv-01361-JAK (EX), 2026 WL 1601905, at *9 (C.D. Cal. June 1, 2026) (collecting cases). In similar cases, the Court generally orders a petitioner's immediate release from custody. See, e.g., Medvezhov, 2026 WL 2234501; Tusov v. Andrews, No. 1:26-cv-07953-KES-SAB (HC), 2026 WL 3102165 (E.D. Cal. Oct. 18, 2026). In cases where the Court ordered a post-deprivation bond hearing, the record reflected that the petitioners had engaged in some sort of criminal activity. See Singh v. Andrews, No. 1:26-cv-07882-KES-SAB (HC), 2026 WL 2983570, at *1 (E.D. Cal. Oct. 5, 2026) (petitioner encountered after FBI executed a federal search warrant on residence); Meza v. Warden, California City Immigr. Processing Ctr., No. 1:26-cv-06972-KES-EPG, 2026 WL 2660122, at *2 (E.D. Cal. Sept. 9, 2026) (petitioner was detained by immigration authorities while he was in custody following his state arrest for battery). Here, the petition asserts that Petitioner has never been charged with or convicted of any crime, (ECF No. 1 at 2), and Respondents do not dispute this assertion. Accordingly, the undersigned recommends finding that Petitioner is entitled to immediate release from custody.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED;
2. Respondents be directed to immediately release Petitioner;
3. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 6, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE